UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KIEL STONE,

            Plaintiff,

            v.

ALEX CHRISTOPHER BOWMAN,
ELIZABETH A. HARDTKE, PAUL E.
SINGLETON, SAINT JOSEPH COUNTY
PUBLIC DEFENDERS OFFICE, DAVID T.
READY, and TIM MCLAUGHLIN,

            Defendants.

CAUSE NO.: 3:18-CV-348-RLM-MGG

## OPINION AND ORDER

As more fully detailed in the order dismissing *Stone v. Jesse*, 3:18-CV-277 (N.D. Ind. filed April 18, 2018), on April 25, 2018, Kiel Stone has repeatedly filed lawsuits claiming that nearly everyone with whom he interacts is a government agent trying to monitor and/or poison him. He has filed another.

> Some of the strange events that Mr. Stone is speaking about are being under 24/7, 365 surveillance thus not limited to only surveillance by the Indiana State Police, and other Agencies such as the Central Intelligence Agency. Through Mr. Stone's vast experience of 11 plus years of identifying Secret Governmental Agents Mr. Stone has come to the summation that the St. Joseph County Magistrates/Judges are involved in Mr. Stone's Strange Course of unusual events since 2007. Over the course of 11 plus years of being followed by law enforcement upon all levels including the Federal Level Mr. Stone has encountered over 100,000 Secret Governmental Agents; keep that in mind when reading the actual allegations against the defendants in this case.

ECF 1 at 3. In this complaint, Mr. Stone alleges:

1.) The true reason Why Magistrate Singleton dismissed Mr. Stone's Small Claims Court case is because Magistrate Singleton was actually [a] Secret Governmental Agent . . . working for a Governmental Agency such as the CIA . . ..

2.) The reason why Magistrate Elizabeth Hardtke denied Mr. Stone a release from Saint Joseph County Jail custody per CR 26 is because Magistrate Hardtke was acting . . . as a Secret Governmental Agent working for a Governmental Agency such as the CIA . . .. []

3.) The reason why St. Joseph County Public Defender Alex Bowman violated Mr. Stone's 8th amendment right to avoid cruel and unusual punishment at Mr. Stone's CR 26 hearing on 10-31-2017 [was] because Lawyer Alex Bowman was acting . . . as a Secret Governmental Agent working for a Governmental Agency such as the CIA . . .. []

4.) The Saint Joseph County Public Defender's Office is liable for not having policy(s) and procedure(s) in place to prevent Secret Governmental Agents from being employed with the SJCPDO . . ..

5.) The reason why Magistrate/ Senior Judge David Ready denied multiple motions by Mr. Stone requesting a trial by jury pursuant to Article 1 Section 20 of the Indiana State Constitution is that David Ready was taking direction in some way from a Governmental Agency such as the CIA . . .. []

6.) The reason why Attorney Tim McLaughlin refused to file Motions that Mr. Stone suggested, didn't follow proper procedure to obtain Mr. Stone an Appellate Attorney for Mr. Stone in two instances, and the reason why Attorney McLaughlin violated Mr. Stone's 8th amendment is because Agent McLaughlin is a Secret Governmental Agent working for a Governmental Agency in some Capacity since around 1969 such as the CIA . . .. []

ECF 1 at 10-11.

As explained in *Stone v. Jesse*, though it is usually necessary to hold a hearing to determine disputed facts, "[s]ometimes, however, a suit is dismissed because the facts alleged in the complaint are so nutty ('delusional' is the polite word) that they're unbelievable, even though there has been no evidentiary

hearing to determine their truth or falsity." *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 774 (7th Cir. 2002) and *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000). Such is the case here.

In *Stone v. Jesse*, the court admonished "Kiel Stone if he files another meritless case in this court, he will be fined not less than $500.00 and restricted from filing any further papers in this court until he has paid all of his outstanding fines and filing fees to any federal court." *Id.* at ECF 3 at 8. Perhaps in an attempt to avoid that fate, Mr. Stone filed this case in the United States District Court for the Southern District of Indiana. The case was transferred here because "[t]he conduct attributed to the defendants is alleged to have occurred in or near South Bend, Indiana, which is in St. Joseph County [which] lies in the South Bend Division of the Northern District of Indiana." ECF 4 at 1.

Enough is enough. In the order dismissing *Stone v. Meijer*, 3:16-CV-812 (N.D. Ind. filed November 30, 2016), the court reminded,

> Mr. Stone of "the inherent power of a federal court to sanction a litigant for bad-faith conduct." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 35 (1991). "'Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.'" *In re McDonald*, 489 U.S. 180, 184 (1989) (*quoting In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984)). Although it is a drastic step to prospectively bar a plaintiff, or to impose a fine for filing vexatious cases, such actions are within the power of this Court, and they may prove warranted if Mr. Stone persists in filing the same frivolous cases repeatedly.

*Id.* at ECF 4 at 3. Mr. Stone did not heed that warning nor the admonishment in *Stone v. Jesse*.

Mr. Stone could be fined, sanctioned and restricted now. Such a restriction would not only prevent him from filing new lawsuits, it would also prevent him from filing in *Stone v. Shepherd*, 3:18-CV-054-RLM-MGG (N.D. Ind. filed January 25, 2018), until he paid all of his outstanding fines and filing fees to any federal court. Because Mr. Stone might not have fully understood the consequences of continuing to file meritless lawsuits, the court will give him one more warning.

For these reasons, the court:

(1) DENIES the in forma pauperis motion (ECF 2);

(2) DISMISSES this case as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i); and

(3) ADMONISHES Kiel Stone if he files another meritless case in this court (or in any other court which is transferred or removed to this court), he will be fined not less than $1,000.00 and restricted from filing any further papers in this court until he has paid all of his outstanding fines and filing fees to any federal court.

SO ORDERED on May 15, 2018

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT